UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRAPHIC COMMUNICATIONS CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS NATIONAL PENSION FUND; GEORGE TEDESCHI, TRUSTEE; and MALCOLM PRITZKER, TRUSTEE,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRIO PRINTING COMPANY, and MODERN LITHO, INC., and POLLY JUNG; and SCOTT STONEBURNER, and JAMES BOWE, and CHRISTOPHER KUHL,<br><br>    Defendants. | Civil No. |

**COMPLAINT**

The Plaintiffs, Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund (the "Fund"); George Tedeschi, Trustee; and Malcolm Pritzker, Trustee, bring this action against the Defendants Trio Printing Company ("Trio Printing"), Modern Litho, Inc. ("Modern Litho"), Polly Jung, Scott Stoneburner, James Bowe, and Christopher Kuhl to collect withdrawal liability payments owed to a multi-employer pension plan pursuant to Section 4201, et seq. of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381, et seq.

**JURISDICTION AND VENUE**

1

1.      This Court has jurisdiction of the action under Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), and 28 U.S.C. § 1331.  Plaintiffs seek to enforce the provisions of ERISA and the terms of the pension fund, seek redress for Defendants' violations of ERISA, and seek all other appropriate legal or equitable relief under ERISA.

2.      Venue in this Court is proper pursuant to 29 U.S.C. § 1451(d) and 28 U.S.C. § 1391.  Where an action is brought under ERISA Section 4301 (29 U.S.C. §§ 1451) in district court of the United States, it may be brought at Plaintiff's discretion, in the district where the plan is administered, where the breach took place, or where a Defendant resides or may be found.  The Fund is administered in this district, thus jurisdiction and venue are properly grounded with this Court.

## PARTIES

3.      The Fund is established pursuant to agreements between Local 6505-M of the Graphic Communications Conference of the International Brotherhood of Teamsters, among other local unions, and Trio Printing, among other employers, to provide for pensions and related benefits to employees covered by collective bargaining agreements between participating local unions and employers.  The Fund is an employee benefit plan within the meaning of ERISA Sections 3(3) and 3(37)(A), 29 U.S.C. §§ 1002(3) and 37(A), and is controlled and managed by certain fiduciaries within the meaning of Section 402 of ERISA, 29 U.S.C. § 1102.  The Fund's principal place of business for such purposes is in Carol Stream, Illinois.

4.      Plaintiffs George Tedeschi and Malcolm Pritzker are Co-Chairmen of the Board of Trustees of the Fund.  Tedeschi and Pritzker are "plan sponsors" as defined in Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B), and are authorized to bring this action pursuant to Sections 4221(b)(1), 4301(a) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1401(b)(1), 1451(a), 1132(a)(3).

5. Trio Printing was incorporated in the state of Missouri on April 18, 1923 and was engaged in the business of commercial printing at 3644 Forest Park Blvd., St Louis, MO 63108.

6. Upon information and belief, Trio Printing was voluntarily dissolved on October 15, 2018.

7. Modern Litho is engaged in the business of commercial printing at 5111 Southwest Ave., St. Louis, MO 63110; 6009 Stertzer Road, Jefferson City, MO 6510; 1340 Taney Street North, Kansas City, MO 64116; and 411 Madison Street, Jefferson City, MO 65101.

8. Upon information and belief, Modern Litho was incorporated on December 23, 1999 under the name Covenant Graphics, Inc. On December 30, 2013, Covenant Graphics, Inc. changed its name to Modern Litho, Inc.

9. On or about August 17, 2018, Trio Printing was acquired by Modern Litho.

10. Until Trio Printing was dissolved, Polly Jung was an owner, director and shareholder of Trio Printing who resides at 5250 Cornwall Estates Drive, St. Louis, MO 63129.

11. Until Trio Printing was dissolved, Scott Stoneburner was an owner, director and shareholder of Trio Printing who resides at 6 Cameo Court, Florissant, MO 63033.

12. Until Trio Printing was dissolved, James Bowe was an owner, director and shareholder of Trio Printing who resides at 71 Hickory Bluff Lane, Arnold, MO 63010.

13. Until Trio Printing was dissolved, Christopher Kuhl was an owner, director and shareholder of Trio Printing who resides at 13 Traci Ann Court, Troy, IL 62294.

## FACTUAL ALLEGATIONS

14. The Fund is primarily funded by contributions, and investment income thereon, remitted by multiple participating employers in accordance with negotiated collective bargaining agreements between those participating employers and labor organizations affiliated with the Graphic Communications Conference of the International Brotherhood of Teamsters. All principal

and income from such contributions and investments thereof is held for the exclusive purpose of providing pension and related benefits to participants and beneficiaries of the Fund and paying the Fund's administrative expenses.

15. Local 6505-M served as the collective bargaining representative of Trio Printing's employees. Trio Printing participated in the Fund in accordance with a series of collective bargaining agreements ("CBA") entered into between Trio Printing and Local 6505-M.

16. Under ERISA Section 4202, 4203 and 4219, 29 U.S.C. § 1382, 1383 and 1399, when certain conditions are met, a multiemployer plan must assess withdrawal liability to each participating employer that has a complete withdrawal from the Fund.

17. The withdrawal liability assessed to a participating employer when it has a complete withdrawal from the Fund is essentially that participating employer's proportionate share of the multiemployer plan's unfunded vested benefit liability and is based on the participating employer's contribution history to the Fund.

18. In August of 2018, during the Fund's Plan Year ended April 30, 2019, Trio Printing experienced a complete withdrawal from the Fund as a result of a permanent cessation of Trio Printing's obligation to contribute to the Fund, as set forth in ERISA Section 4203, 29 U.S.C. § 1383.

19. On September 4, 2018, the Fund assessed Trio Printing withdrawal liability, in accordance with Section 4203 of ERISA, 29 U.S.C. § 1383, in the amount of $2,178,665.89 as a result of Trio Printing's complete withdrawal from the Fund.

20. In accordance with Section 4219(b) of ERISA, 29 U.S.C. § 1399(b), the Fund notified Trio Printing of the withdrawal liability assessment by sending the required notice to Trio Printing on September 5, 2018. A true, correct and complete copy of the withdrawal liability assessment notice

and demand with payment schedule is attached hereto as Exhibit 1. The Fund's assessment letter included a demand for payment of withdrawal liability in the amount of $2,178,665.89; Trio Printing's monthly payment schedule, as required by ERISA Section 4219(b); and identified Trio Printing's right to request a review of the assessment. Trio Printing was required to begin making monthly employer withdrawal liability payments to the Fund beginning November 5, 2018.

21. Trio Printing did not request a review of the Fund's assessment of its withdrawal liability in accordance with ERISA Section 4221(a), 29 U.S.C. § 1401(a), and therefore has waived the right to challenge the withdrawal liability assessment made by the Fund.

22. On December 3, 2018, the Fund notified Trio Printing that its withdrawal liability payment was overdue and that the company would be in "default," as that term is defined in Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), if payment was not made by February 1, 2019. A true, correct and complete copy of the default notice and demand is attached hereto as Exhibit 2.

23. Trio Printing failed to cure its default in making withdrawal liability payments to the Fund on or before February 1, 2019, and to date, Trio Printing has not made any withdrawal liability payments to the Fund.

24. On October 17, 2014, at Trio Printing's request, the Fund provided Trio Printing with a Hypothetical Projection of Employer Withdrawal Liability in the event that Trio Printing withdrew from the Fund during the Fund's Plan Year ended April 30, 2015. The hypothetical assessment was in the amount of $1,333,689.24.

25. After Trio Printing's President, Polly Jung, received the Hypothetical Projection of Employer Withdrawal Liability on October 29, 2014, Trio Printing, on an annual basis, received notice from the Fund that withdrawal liability would be assessed on any employer that withdrew

from the Fund. Trio Printing also received an Employer Withdrawal Liability manual from the Fund on or about May 1, 2015, explaining how withdrawal liability would be calculated if Trio Printing withdrew from the Fund.

26. Modern Litho, Trio Printing's successor corporation, is liable for Trio Printing's withdrawal liability debt owed to the Fund, because Modern Litho had notice of the Fund's withdrawal liability claim owed by Trio Printing before Modern Litho's acquisition of Trio Printing, and there is substantial continuity in the operation of the business before and after the sale.

27. Modern Litho is engaged in the same business as Trio Printing.

28. Polly Jung, former President, owner and director of Trio Printing, presently serves as a Customer Service Consultant at Modern Litho.

29. Jim Bowe, former Vice President, owner and director of Trio Printing, presently serves as an Account Executive at Modern Litho.

30. Christopher Kuhl, former Vice President, owner and director of Trio Printing, presently serves as an Account Executive at Modern Litho.

31. Upon information and belief, other former owners of Trio Printing, are presently employed at Modern Litho.

32. As a result of the acquisition, Modern Litho retained at least one of Trio Printing's production employees.

33. As a result of the acquisition, some or all of Trio Printing's former customers are now customers of Modern Litho.

34. As a result of the acquisition, Modern Litho obtained Trio Printing's equipment.

## COUNT I
## LIABILITY AGAINST TRIO PRINTING

35. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 34.

36. Trio Printing's failure to timely remit the assessed withdrawal liability payments has resulted in the company being in default, thereby permitting the Fund to recover payment of the entire outstanding amount of withdrawal liability assessed by the Fund and owed by Trio Printing, plus accrued interest on that amount from the date those amounts were due, in accordance with Sections 4219(c)(5) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1399(c)(5), 1401(b)(1).

37. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA Section 515, 29 U.S.C. § 1145. Thus, Trio Printing is also liable for liquidated damages, costs, and reasonable attorneys' fees, pursuant to ERISA Sections 4301(e) and 502(g)(1), 29 U.S.C. §§ 1451(e) and 1132(g)(1).

38. Plaintiffs, therefore, seek a judgment against Trio Printing for $2,178,665.89, the entire amount of the assessed withdrawal, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with Sections 502(g)(2), 4219(c)(5) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(5) and 1401(b)(1).

## COUNT II
## LIABILITY AGAINST MODERN LITHO

39. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 38.

40. Modern Litho had notice of the Fund's withdrawal liability claim against Trio Printing at the time of its acquisition of Trio Printing.

41. Modern Litho's acquisition of Trio Printing, including the same customers, employees, and equipment, result in substantial continuity in the operation of business before and after the sale, thus rendering Modern Litho liable to the Fund as the successor company to Trio Printing.

42. Plaintiffs, therefore, seek a judgment against Modern Litho for $2,178,665.89, the entire amount of the assessed withdrawal, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with Sections 502(g)(2), 4219(c)(5) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(5) and 1401(b)(1).

## COUNT III
## LIABILITY AGAINST POLLY JUNG

43. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 42 above.

44. Polly Jung was an owner, director and shareholder of Trio Printing until Trio Printing was voluntarily dissolved on October 15, 2018, including on or about August 17, 2018 when Modern Litho acquired Trio Printing.

45. At the time of Modern Litho's acquisition of Trio Printing, Polly Jung had knowledge of Trio Printing's liability to the Fund.

46. Polly Jung comingled Trio Printing's company assets with personal assets by receiving payment from the sale of Trio Printing's assets.

47. Plaintiffs, therefore, seek a judgment in their favor and against Polly Jung in the amount of $2,178,665.89, plus pre-judgment and post-judgment interest, liquidated damages and costs and

reasonable attorneys' fees, in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

### COUNT IV
### LIABILITY AGAINST SCOTT STONEBURNER

48. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 47 above.

49. Scott Stoneburner was an owner, director and shareholder of Trio Printing until Trio Printing was voluntarily dissolved on October 15, 2018, including on or about August 17, 2018 when Modern Litho acquired Trio Printing.

50. At the time of Modern Litho's acquisition of Trio Printing, Scott Stoneburner had knowledge of Trio Printing's liability to the Fund.

51. Scott Stoneburner comingled Trio Printing's company assets with personal assets by receiving payment from the sale of Trio Printing's assets.

52. Plaintiffs, therefore, seek a judgment in their favor and against Scott Stoneburner in the amount of $2,178,665.89, plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

### COUNT V
### LIABILITY AGAINST JAMES BOWE

53. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 52 above.

54. James Bowe was an owner, director and shareholder of Trio Printing until Trio Printing was voluntarily dissolved on October 15, 2018, including on or about August 17, 2018 when Modern Litho acquired Trio Printing.

55. At the time of Modern Litho's acquisition of Trio Printing, James Bowe had knowledge of Trio Printing's liability to the Fund.

56. James Bowe comingled Trio Printing's company assets with personal assets by receiving payment from the sale of Trio Printing's assets.

57. Plaintiffs, therefore, seek a judgment in their favor and against James Bowe in the amount of $2,178,665.89, plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

## COUNT VI
## LIABILITY AGAINST CHRISTOPHER KUHL

58. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 57 above.

59. Christopher Kuhl was an owner, director and shareholder of Trio Printing until Trio Printing was voluntarily dissolved on October 15, 2018, including on or about August 17, 2018 when Modern Litho acquired Trio Printing.

60. At the time of Modern Litho's acquisition of Trio Printing, Christopher Kuhl had knowledge of Trio Printing's liability to the Fund.

61. Christopher Kuhl comingled Trio Printing's company assets with personal assets by receiving payment from the sale of Trio Printing's assets.

62. Plaintiffs, therefore, seek a judgment in their favor and against Christopher Kuhl in the amount of $2,178,665.89, plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray for a judgment providing that Defendants Trio Printing, Modern Litho, Polly Jung, Scott Stoneburner, James Bowe, and Christopher Kuhl are jointly and severally liable to immediately pay to the Fund the following sums in accordance with ERISA Sections 4219(c)(5) and 4221(b)(1), 29 U.S.C. §§ 1399(c)(5), 1401(b)(1):

a. the amount of the assessed withdrawal liability of $2,178,665.89;
b. interest calculated pursuant to PBGC regulation section 4219.32 from the due date of the first withdrawal liability payment owed by Defendant which was not timely made to the Fund;
c. liquidated damages equal to the greater of:

   i. the accrued interest on the delinquent withdrawal liability payments not paid when due at the time of judgment, or
   ii. an amount equal to twenty percent (20%) of the amount of delinquent withdrawal payments not paid when due at the time of judgment pursuant to ERISA Sections 4301(b) and 502(g)(2),29 U.S.C. §§ 1451(b) and 1132(g)(2)); and

d. post judgment interest;
e. additional costs and reasonable attorneys' fees associated with this lawsuit; and
f. such other relief as the court deems proper.

Dated: April 9, 2019                     Respectfully submitted,

MOONEY, GREEN, SAINDON                   ALLISON, SLUTSKY & KENNEDY P.C.
MURPHY & WELCH, P.C

By: /s/ Peter J. Leff                    By: /s/ Karen I. Engelhardt
Peter J. Leff                            Karen I. Engelhardt
DC Bar Number 457476                     Illinois Bar: 3128850
1920 L Street NW, Suite 400              230 West Monroe Street, Suite 2600
Washington, DC 20036                     Chicago, Illinois 60606
Phone:  (202) 783-0010                   (312) 364-9400
Fax:    (202) 783-6088                   (312) 364-9410
E-mail: pleff@mooneygreen.com            kie@ask-attorneys.com

Attorneys for Plaintiffs Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund and its Co-Chairmen Trustees, George Tedeschi and Malcolm Pritzker